UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD J. CLOUD, JR.,

 Petitioner,

v.              Case No. 08-C-942

UNITED STATES OF AMERICA,

 Respondent.

## ORDER

  On November 4, 2008, Ronald J. Cloud, Jr., filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to one count of assault resulting in serious bodily injury and was sentenced on February 12, 2004, to forty months of imprisonment, three years of supervised release, restitution in the amount of $25,951.50, and a special assessment of $100.00. On February 22, 2008, Cloud's supervised release was revoked and he was sentenced to eighteen months imprisonment to run consecutively to a sentence imposed upon him in Brown County Circuit Court Case No. 07CF801.[1] Cloud's motion is directed to the sentence following the revocation of his supervised release. Although he did not contest several of the violations, Cloud asks that his sentence be corrected to run concurrent with his sentence from the state trial court.

---

[1] Cloud pled guilty to robbery with use of force, a violation of Wis. Stat. § 943.32(1)(a), in state court on October 24, 2007 and was sentenced to three years imprisonment and three years extended supervision on December 27, 2007. *See* http://wcca.wicourts.gov/caseDetails.do;jsessionid=48C5B6958ABA135F8C4D363DE7868BDF.render2?caseNo=2007CF000801&countyNo=5&cacheId=E09B7468113030920733FFE090D1CD07&recordCount=5&offset=0&mode=charges&submit=Charge+History (last visited November 5, 2008.)

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading . . . .

Rule 4, Rules Governing § 2255 Proceedings.

During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable claims under § 2255. Petitioner claims his Sixth Amendment right to counsel was violated due to counsel's ineffectiveness prior to, at and after his revocation hearing. Cloud claims his attorney never came to visit him prior to the hearing to discuss a plea agreement. He further asserts that his counsel failed to follow his instructions at the revocation hearing. He claims he instructed his attorney to recommend the maximum sentence of two years but that it be served concurrent to his three year state sentence (thus likely not requiring him to serve any additional confinement). Cloud alleges his counsel instead requested that the court impose a sentence of twelve months, concurrent to his state sentence, and six months of supervised release. Finally, Cloud claims he asked his counsel whether he would meet with him after the hearing to discuss a possible appeal, but that his counsel told him there were no grounds for appeal and it would be a waste of time.

An attorney's failure to provide effective assistance to his client can be grounds for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). With respect to claims of ineffective assistance of counsel, however, a petitioner must show both that counsel's performance was

constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby. *Id.* at 687-91.

The first claim of ineffectiveness Cloud advances is based upon his claim his counsel did not meet with him prior to the revocation hearing to discuss a plea agreement. While it is true that a counsel who fails to inform a client of a plea agreement offered by the prosecution is ineffective, *Johnson v. Duckworth*, 793 F.2d 898, 902 (7th Cir. 1986), this was not the situation Cloud faced. Cloud appeared before this Court for a revocation hearing on February 22, 2008, and this was not a proceeding in which a plea agreement is contemplated under Federal Rule of Criminal Procedure 11(c). The question at the hearing was not one of whether Cloud was guilty beyond reasonable doubt of an offense, but simply whether a preponderance of the evidence supported a finding that he violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3). Cloud stipulated to several violations, and the Court concluded a sufficient basis existed for revocation. (*United States v. Cloud*, No. 03-CR-189, Dkt. # 40 (E.D.Wis.).) Cloud fails to allege any facts that would support a finding that he was somehow prejudiced by his attorney's failure to meet with him earlier. In other words, he fails to state how he was prejudiced by his attorney's failure to meet with him.

Cloud's second claim of ineffectiveness relates to the sentencing recommendation his counsel made at the hearing, which Cloud contends differed from what he had requested. This difference of opinion, however, does not amount to his counsel being ineffective. His counsel's decision to argue for the sentence he did, which was actually for less confinement, was a tactical decision properly made by counsel and not objectively unreasonable. Even if his representation were constitutionally deficient, Cloud fails to state how he suffered prejudiced as a result. Indeed, as the sentencing Court, I find that counsel's recommendation for a concurrent sentence of twelve months instead of two years did not prejudice the defendant.

3

Cloud's third claim of ineffectiveness fares no better, as his counsel's offering an opinion regarding the likelihood of a successful appeal of the revocation decision is not objectively unreasonable. Cloud's allegation is not that his counsel said he would appeal a sentence but failed to do so, which has been held to be ineffective assistance of counsel. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *see also Kitchen v. United States*, 227 F.3d 1014, 1020 (7th Cir. 2000) (counsel forgetting failing to file a notice of appeal held deficient). The fact that Cloud disagrees with this advice does not make the assistance he received deficient. Even now he does not claim that he seeks to appeal. I thus conclude no prejudice exists as to this claim as well.

After reviewing Cloud's assertions under the relevant legal standards, and in light of the entire record in this matter, I conclude from the face of the petition that Cloud is not entitled to relief under § 2255. Cloud has failed to set forth cognizable claims under § 2255. Although he has filed a motion to proceed *in forma pauperis*, the Advisory Committee Notes to § 2255 Rule 3 clearly indicate that there is no filing fee associated with filing a § 2255 motion, and such proceedings are not civil actions for purposes of 28 U.S.C. § 1915.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2255 Cases.

**IT IS FURTHER ORDERED** that Cloud's motion for leave to proceed *in forma pauperis* is **DENIED** as moot.

**SO ORDERED** this    6th    day of November, 2008.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge